IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LARRY A. SOK, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04cv581 |
| | ) | |
| vs. | ) | ORDER to SHOW CAUSE |
| | ) | (Service of Process) |
| HAROLD W. CLARKE, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court sua sponte. Fed. R. Civ. P. 4(m) establishes the following time limit for service of process on the defendants in a civil case:

> (m) Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

In the court's Order on Initial Review directing the issuance of summons forms, the court established the deadline for service of process as 120 days after entry of that order. The plaintiff was warned that failure to obtain timely service of process on the defendants could result in dismissal of this matter without prejudice.  The deadline for service of process expired on April 3, 2005, and the court's records show no proof of service of process on any defendant.

The court also granted the plaintiff's request for an extension of 90 days to prepare supplements or amendments to his complaint. The deadline expired on April 14, 2005, and no additional pleadings have been filed.  It appears to the court that this case has been abandoned and should be dismissed, without prejudice to the plaintiff's right to file a new case, if he wishes, in the future.

THEREFORE, IT IS ORDERED:

1. That by April 27, 2005, the plaintiff may file a pleading entitled Response to Order to Show Cause explaining any reason the plaintiff may have why the above-entitled case should not be dismissed for failure to obtain timely service of process on any

defendant; and

      2.    That in the absence of a timely and sufficient Response to Order to Show Cause, this case may be subject, without further notice, to dismissal without prejudice by Chief Judge Joseph F. Bataillon.

DATED this 15th day of April, 2005.

BY THE COURT:

s/ F. A. GOSSETT
United States Magistrate Judge